**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ANTHONY MOISES SANCHEZ-ZUNIGA,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-1728-PRW** |
| **WARDEN, DIAMONDBACK CORRECTIONAL FACILITY, et al.,** | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Anthony Moises Sanchez-Zuniga, a noncitizen proceeding pro se,[1] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[2] United States District Judge Patrick R. Wyrick referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C).

---

[1] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). Because Petitioner is proceeding pro se, the Court liberally construes his arguments. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

[2] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

Doc. 5. Respondents filed a response, Doc. 10,[3] and the time for Petitioner to reply has lapsed. So the matter is at issue.

For the reasons set forth below, the undersigned recommends the Court grant the habeas petition in part and order Respondents to provide Petitioner with an individualized bond hearing within ten days or otherwise release Petitioner from custody.

## I. Factual background and procedural history.

Petitioner is a native and citizen of Honduras.[4] Petitioner entered the United States in 2019 and was later placed in removal proceedings. Doc. 1, at 7. On August 21, 2025, Immigration and Customs Enforcement (ICE) took Petitioner into custody. *Id*. He has a Social Security card valid for work, has filed tax returns, he has a long-term partner, and has community ties in the United States. *Id.* He "has an approved I-360 Special Immigrant Juvenile petition, classification SL6." *Id.* This approved petition appears to have

---

[3] The Warden of the Diamondback Correctional Facility, Fred Figueroa, is not a federal official and the Government did not file its response on his behalf. Doc. 10, at 1 n.1.

[4] *See* https://locator.ice.gov/odls/#/results (last visited Sep. 4, 2026). Respondents have not provided any documentation of Petitioner's immigration history, such as the Notice to Appear (NTA), a form I-213, or any other documents detailing Petitioner's initial entry into the United States or the circumstances of his August 2025 detention. *See* Doc. 10. The factual background accordingly reflects Petitioner's account.

expired. *Id.* Ex. 1, at 38.

Petitioner's removal proceedings remain pending.[5] Petitioner never received an individualized bond hearing and remains in custody at the Diamondback Correctional Facility in Watonga, Oklahoma. Doc. 1, at 2, 8.

## II. Petitioner's claims.

Petitioner raises three somewhat overlapping grounds for relief: (1) unreasonably prolonged ICE detention; (2) no prompt and adequate custody review and unlawful detention without a custody hearing under the Immigration and Nationality Act (INA), 8 U.S.C. § 1226; and (3) pending immigration relief and equities support release. *See* Doc. 1, at 7-8.

Petitioner seeks: (1) release; (2) a prompt meaningful custody hearing where the government must "justify [his] continued detention by clear evidence and [the court should] consider alternatives to detention; and (3) protection from transfer out of this district while this case is pending.[6] *Id.* at 8.

---

5 Petitioner's master hearing is scheduled for September 29, 2026. *See Automated Case Information*, https://acis.eoir.justice.gov/en/caseInformation (last visited Sep. 16, 2026).

6 The Court addressed this issue in part in its Order for Response. *See* Doc. 7.

## III. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis,* 533 U.S. 678, 687-88 (2001)).

## IV. Discussion.

### A. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b).

Petitioner challenges Respondents' continued detention of him without an individualized custody determination. Doc. 1, at 7. Respondents "contend that Petitioner is not entitled to a bond hearing," but they acknowledge that the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), "compels a different outcome." Doc. 10, at 1. The undersigned agrees.

"[T]his Court has previously construed 8 U.S.C. § 1225(b)(2)(A) as unambiguously requiring that an 'applicant for admission' also be 'seeking

admission' for the section to control." *Munoz v. Grant*, No. CIV-26-544-D, 2026 WL 1078862, at *1 (W.D. Okla. Apr. 20, 2026) (quoting *Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *4 (W.D. Okla. Dec. 16, 2025)). "This conclusion is in accord with *Santillan Quiroz* [], in which the Tenth Circuit held that '§ 1225(b)(2)(A)'s application is limited to the border.'" *Ramos Perez v. Grant*, No. CIV-26-721-D, 2026 WL 2033144, at *1 (W.D. Okla. July 14, 2026) (quoting *Santillan Quiroz*, 180 F.4th at 1240); *see Santillan Quiroz*, 180 F.4th at 1237 ("[N]oncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to [8 U.S.C.] § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A).").

Petitioner resided in the United States for several years, lawfully worked, paid taxes, maintained community ties, and was detained in the interior of the country. Doc. 1, at 7. Petitioner was not "seeking admission" at the border when ICE detained him. So he "does not fall into the mandatory detention provision of § 1225(b)(2)(A)." *Ramos Perez*, 2026 WL 2033144, at *2. Instead, § 1226(a) controls his detention and entitles him to a bond hearing. *Id.* (citing *Santillan Quiroz*, 180 F.4th at 1251 n.13); *see also Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026) (concluding that detention of a noncitizen who had resided in the interior for years before ICE detained him "is more naturally characterized as detention

'pending a decision on whether the alien is to be removed from the United States' within the meaning of § 1226(a)").

**B. Petitioner is entitled to a bond hearing under § 1226(a).**

Respondents assert that any relief the Court grants should be "limited to ordering the Respondents to provide a bond hearing." Doc. 10, at 2. Because Petitioner is detained under § 1226(a), the undersigned concludes a bond hearing is the appropriate remedy. *See, e.g.*, *Santillan Quiroz*, 180 F.4th at 1247 (explaining that noncitizens subject to § 1226(a) are "eligible for bond").

"Unlike § 1225(b)(1), § 1226(a) contemplates individualized custody determinations and authorizes release on bond or conditional parole pending completion of removal proceedings." *Zhakhono*v, 2026 WL 1865418, at *3. Here, the Government has not provided Petitioner with an individualized custody determination since his detention in August 2025. Doc. 1, at 7; *see, e.g.*, *Zhakhonov*, 2026 WL 1865418, at *3 ("[T]he process afforded by § 1226(a) itself serves as the mechanism through which a detainee's liberty interest is protected."). Because this is "the very process Congress prescribed for detainees held pursuant to § 1226(a)," the Court should order Respondents to provide Petitioner with a bond hearing under § 1226(a). *Zhakhonov*, 2026 WL 1865418, at *3; *see also Navarrete v. Mullin*, No. CIV-26-224-SLP, 2026 WL 2323345, at *2 (W.D. Okla. Aug. 11, 2026) (finding the petitioner had a "protected liberty interest arising from her release on her own recognizance"

and that the level of process owed to her was "for Respondents to provide [her] with a bond hearing pursuant to 8 U.S.C. § 1226"); *Todyrenchuk v. Warden of Diamondback Corr. Facility*, No. CIV-26-1243-J, 2026 WL 2186977, at *3 (W.D. Okla. July 29, 2026) ("[T]he Court concludes the proper remedy in this case is not immediate release, but an individualized bond hearing before an Immigration Judge exercising jurisdiction under § 1226(a).").

The Court should thus grant the petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) within ten days; if they fail to do so, they must release Petitioner. *See, e.g.*, *Santillan Quiroz*, 180 F.4th at 1251 n.13 (directing district court to order the government to provide the petitioner a bond hearing within seven days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a)."); *see also Colin*, 2025 WL 3645176, at *6 ("Petitioner has not received a bond hearing and Respondents raise no objection challenging their obligations to provide bond hearings for noncitizens that are detained under 8 U.S.C. § 1226(a).").[7]

---

[7] Petitioner requests the Court place the burden on the Government at a bond hearing to prove he is not a danger to the community or flight risk by clear and convincing evidence. Doc. 1, at 8. But this Court has previously declined to order burden shifting. *See, e.g.*, *Zhang v. U.S. District Court*, No. CIV-26-1022-D, 2026 WL 2323190, at *1 (W.D. Okla. Aug. 11, 2026) ("[T]he Court declines to place the burden on the Government to justify Petitioner's detention pending removal proceedings, at this time."); *Rangel v. Mullin*, No. CIV-26-568-D, 2026 WL 1625653, at *2 n.2 (W.D. Okla. June 5, 2026) ("At this time, the Court declines to place the burden on the government to justify

## V. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court **grant Petitioner's habeas petition in part and order Respondents to provide Petitioner with an individualized bond hearing before a neutral IJ within ten days; if they fail to do so, they must release Petitioner.** The undersigned also recommends that the Court order Respondents to certify their compliance with the Court's order by filing a status report within ten business days of the Court's order, and to promptly provide a copy of this order to counsel for the Warden of the Diamondback Correctional Facility.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by September 24, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[8] The undersigned further advises the parties that failure to

---

Petitioner's detention pending removal proceedings."). So the undersigned does not recommend it in this case.

[8] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231 & n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they

make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 17th day of September, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

need not be in every instance–particularly where strict application would undermine the habeas review process").